## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SUZETTE MARTINS | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| v. | ) | |
| | ) | |
| TAKATA, INC., TK HOLDINGS, INC., | ) | |
| TK HOLDINGS, INC. (DELAWARE) and | ) | |
| GENERAL MOTORS LLC, | ) | |
| Defendants. | ) | |

## <u>NOTICE OF REMOVAL</u>

TO THE HONORABLE CHIEF JUDGE AND JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS.

Now comes Defendant, General Motors LLC ("GM LLC"), and hereby gives notice of removal of this action from the Superior Court of Norfolk County, Massachusetts, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. In support of this Notice, GM LLC states:

1.     The above-captioned action was commenced against General Motors LLC by the filing of a Summons and Complaint in the Superior Court of Norfolk County on or about February 28, 2018. A copy of Plaintiff's Summons and Complaint are attached as Exhibit A.

2.     This Notice of Removal is filed within 30 days after service of the Summons and Complaint on GM LLC on May 25, 2018, pursuant to 28 U.S.C. § 1446(b).

3.     28 U.S.C. § 1446(b)(1)(A) provides that "all defendants who have been properly joined and served must join in or consent to the removal of the action."

4.     Upon information and belief, Defendants, Takata, Inc., TK Holdings, Inc. and TK Holdings, Inc. (Delaware), have not been served with Plaintiff's Complaint at the time of this filing. Therefore, their consent is not necessary to effectuate removal.

5.     Upon information and belief, Plaintiff, Suzette Martins, is a citizen of the Commonwealth of Massachusetts. Ex. A, ¶ 1.

6.     Defendant, GM LLC, is neither incorporated in nor maintains its principal place of business in the Commonwealth of Massachusetts.

7.     GM LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in the State of Michigan.

8.     At the time of the filing of Plaintiff's Complaint and at the time of this removal, there is diversity of citizenship amongst the parties pursuant to 28 U.S.C. § 1332(a)(1).

9.     In her Complaint, Plaintiff alleges that she was operating her 2002 Pontiac Grand Am SE when her vehicle was "struck head-on by a vehicle traveling in the opposite direction." Ex. A, ¶ 8.

10.     Plaintiff claims that the driver's airbag failed to deploy in the accident, as a result of which she "was harmed, had surgery, incurred medical expenses and has lost wages." Ex. A, ¶ 36. She also claims "physical and emotional pain and suffering" and that she "continues to be harmed." Ex. A, ¶¶ 158, 173.

11.     Based on Plaintiff's Civil Action Cover Sheet attached hereto at Ex. B, the plaintiff alleges $134,729,84 in medical expenses which exceeds the Seventy-Five Thousand Dollars ($75,000.00) amount in controversy threshold for federal diversity jurisdiction. 28 U.S.C. § 1332(a) and § 1441(a).

12.     Written notice of the filing of this Notice will be served on Plaintiff as required by 28 U.S.C. §1446(d).

13.     A copy of this Notice will be filed with the Clerk of the Superior Court of Norfolk County, Massachusetts, as provided by 28 U.S.C. §1446(d).

14.     Pursuant to 28 U.S.C. §1446(a), all process, pleadings and orders are attached as Exhibit A.

WHEREFORE, Defendant, General Motors LLC, prays that it may effect the removal of this action from the Superior Court of Norfolk County, Massachusetts, to the United States District Court for District of Massachusetts.

**GENERAL MOTORS, LLC,**
By its Attorney,


/s/Timothy J. Duggan
Timothy J. Duggan (BBO# 545966)
Duggan & Gianacoplos, LLC
89 Access Road, Unit A
Norwood, MA 02062
T: (781) 762-0077
F: (781) 762-9299
E: tjd@dcclawyers.com


## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served this 14th day of June, 2018 via first class mail, postage prepaid and electronic mail upon:

Michael M. Kaplan, Esquire
Law Offices of Michael M. Kaplan
291 Main Street
Milford, MA 01757
E: mike@kaplanslaw.com


/s/Timothy J. Duggan
Timothy J. Duggan

# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS                                    SUPERIOR COURT DEPARTMENT
                                               OF THE TRIAL COURT

                                               18     0293

| | |
|---|---|
| SUZETTE MARTINS,              ) | |
|    Plaintiff                 ) | |
|                               ) | |
| VS.                           ) | **COMPLAINT AND DEMAND** |
|                               ) | **FOR JURY TRIAL** |
| TAKATA, INC., TK HOLDINGS, INC., ) | |
| TK HOLDINGS, INC. (DELAWARE) and ) | |
| GENERAL MOTORS LLC,           ) | |
|    Defendants               ) | |

## PARTIES

1. The Plaintiff Suzette Martins is a natural citizen of the Commonwealth of Massachusetts with a residential address of 18 Stoneybrook Drive, Apt. 12, Millis, Norfolk County, Massachusetts.

2. The Defendant, Takata, Inc., upon information and belief is a duly organized foreign corporation with a business address of 2500 Takata Drive, Auburn Hills, Oakland County, Michigan.

3. The Defendant, TK Holdings, Inc., upon information and belief is a duly organized foreign corporation with a business address of 601 Abbot Road, East Lansing, Ingham County, Michigan.

4. The Defendant, TK Holdings, Inc. (Delaware), upon information and belief is a duly organized foreign corporation with a business address of 601 Abbot Road, East Lansing, Ingham County, Michigan.

5. The Defendant, General Motors LLC, upon information and belief is a duly organized foreign corporation with a business address of 300 Renaissance Center, Detroit, Wayne County, Michigan.

## JURISDICTION

6. Pursuant to M.G.L.C. 223A, Section 3, jurisdiction is confirmed over the Defendants since the Defendants caused a tortious injury by an act or omission in this Commonwealth. In addition, the Defendant, General Motors LLC, maintains sufficient business contacts to Massachusetts and upon information and belief, owns property in Massachusetts.

## FACTS COMMON TO ALL COUNTS

7. On March 1, 2015, the Plaintiff was involved in a motor vehicle collision, wherein her vehicle was struck head-on by a vehicle traveling in the opposite direction.

8. At the time of the aforementioned motor vehicle collision, the Plaintiff owned and was operating a 2002 Pontiac Grand Am SE (hereinafter 'Grand Am').

9. The Plaintiff's vehicle, at the time of the collision, was equipped with a Takata Airbag.

10. The airbag in the Plaintiff's vehicle never deployed on March 1, 2015.

## COUNT I
## SUZETTE MARTINS VS. DEFENDANT, TAKATA, INC.
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

11. The Plaintiff hereby reincorporates paragraphs 1 through 10 as if fully set forth herein.

12. The Defendant Takata, Inc. was a merchant.

13. The Defendant, Takata, Inc., upon information and belief designed and produced the product, to wit: airbags for the 2002 Pontiac Grand Am SE which was sold to the public.

14. In or around February, 2015, the Plaintiff purchased a 2002 Pontiac Grand Am.

15. The Defendant, Takata, Inc. produced the airbag which had an implied warranty…that it would perform to the expected use for which it was sold.

16. The Plaintiff's use of the airbag was foreseeable.

17. The Plaintiff's use or need for the airbag to deploy when the vehicle is involved in an accident is foreseeable.

2

18. The Defendant, Takata, Inc. knew or should have known that vehicles such as the Grand Am, which had the Takata Airbag would be resold to third party persons such as the Plaintiff.

19. The Defendant, Takata, Inc. had a unique and particular skill to wit: the designing and manufacturing of airbags.

20. The Defendant, Takata, Inc. regularly designed and manufactured airbags, including those installed in the Grand Am, to dealerships or individuals directly.

21. The Defendant, Takata, Inc. had specialized knowledge or skill attributable to the designing and manufacturing of the airbags, including but not limited to the airbags designed to deploy when the vehicle is in an accident.

22. The airbag was built for the ordinary purposes for which such goods were used, to wit: the airbag would deploy in case of an accident.

23. The Defendant, Takata, Inc. had a duty to prevent the release of the product airbag, in a defective condition.

24. The defect was unreasonably dangerous to the consumer/end user.

25. The defect was the fact that the airbag, designed to deploy in case of an accident, did not deploy.

26. The entire product line of the Takata Airbags designed for the 2002 Grand Am were defective because of a design or manufacturing flaw.

27. The airbag is one of the single most important safety features in the line of vehicles designed and produced by the Defendant, Takata, Inc.

28. The Defendant, Takata, Inc. understood the gravity of the danger.

29. The Defendant, Takata, Inc. knew or should have known that by the airbag not deploying, there would be a likelihood of danger would occur to the end user or customer.

30. A safer alternate design existed for airbags and was feasible for the Defendant, Takata, Inc. to design and produce.

3

31. The cost of a safer alternate design to produce the airbags so they properly deployed was not of a significant cost above the cost of the originally defective design.

32. The Defendant, Takata, Inc. knew or should have known that adverse consequences, i.e., injuries would likely occur to occupants involved in motor vehicle accidents where the air bags do not or did not deploy.

33. The defect was known to the Defendant, Takata, Inc., who made insufficient attempts to notify end users and/or costumers of the defect and how it would be corrected.

34. The Defendant, Takata, Inc. failed to warn second hand purchasers of the airbag defect in the Grand Am, including giving notice to the Plaintiff.

35. The Plaintiff did not become aware of the defect until after her motor vehicle accident on March 1, 2015.

36. As a direct and proximate result of the breach of implied warranty of merchantability by the Defendant, Takata, Inc., the Plaintiff was harmed, had surgery, incurred medical expense and has lost wages.

WHEREFORE, the Plaintiff requests this Honorable Court to find in favor of the Plaintiff and award her money in an amount consistent with the facts introduced at trial, including costs and attorney's fees.

## COUNT II
### SUZETTE MARTINS VS. DEFENDANT, TK HOLDINGS, INC.
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

37. The Plaintiff hereby reincorporates paragraphs 1 through 36 as if fully set forth herein.

38. The Defendant TK Holdings, Inc. was a merchant.

39. The Defendant, TK Holdings, Inc., upon information and belief designed and produced the product, to wit: airbags for the 2002 Pontiac Grand Am SE which was sold to the public.

40. In or around February, 2015, the Plaintiff purchased a 2002 Pontiac Grand Am.

41. The Defendant, TK Holdings, Inc. produced the airbag which had an implied warranty...that it would perform to the expected use for which it was sold.

42. The Plaintiff's use of the airbag was foreseeable.

43. The Plaintiff's use or need for the airbag to deploy when the vehicle is involved in an accident is foreseeable.

44. The Defendant, TK Holdings, Inc. knew or should have known that vehicles such as the Grand Am, which had the Takata Airbag would be resold to third party persons such as the Plaintiff.

45. The Defendant, TK Holdings, Inc. had a unique and particular skill to wit: the designing and manufacturing of airbags.

46. The Defendant, TK Holdings, Inc. regularly designed and manufactured airbags, including those installed in the Grand Am, to dealerships or individuals directly.

47. The Defendant, TK Holdings, Inc. had specialized knowledge or skill attributable to the designing and manufacturing of the airbags, including but not limited to the airbags designed to deploy when the vehicle is in an accident.

48. The airbag was built for the ordinary purposes for which such goods were used, to wit: the airbag would deploy in case of an accident.

49. The Defendant, TK Holdings, Inc. had a duty to prevent the release of the product airbag, in a defective condition.

50. The defect was unreasonably dangerous to the consumer/end user.

51. The defect was the fact that the airbag, designed to deploy in case of an accident, did not deploy.

52. The entire product line of the Takata Airbags designed for the 2002 Grand Am were defective because of a design or manufacturing flaw.

53. The airbag is one of the single most important safety features in the line of vehicles designed and produced by the Defendant, TK Holdings, Inc.

54. The Defendant, TK Holdings, Inc. understood the gravity of the danger.

55. The Defendant, TK Holdings, Inc. knew or should have known that by the airbag not deploying, there would be a likelihood of danger would occur to the end user or customer.

56. A safer alternate design existed for airbags and was feasible for the Defendant, TK Holdings, Inc. to design and produce.

57. The cost of a safer alternate design to produce the airbags so they properly deployed was not of a significant cost above the cost of the originally defective design.

58. The Defendant, TK Holdings, Inc. knew or should have known that adverse consequences, i.e., injuries would likely occur to occupants involved in motor vehicle accidents where the air bags do not or did not deploy.

59. The defect was known to the Defendant, TK Holdings, Inc., who made insufficient attempts to notify end users and/or costumers of the defect and how it would be corrected.

60. The Defendant, TK Holdings, Inc. failed to warn second hand purchasers of the airbag defect in the Grand Am, including giving notice to the Plaintiff.

61. The Plaintiff did not become aware of the defect until after her motor vehicle accident on March 1, 2015.

62. As a direct and proximate result of the breach of implied warranty of merchantability by the Defendant, TK Holdings, Inc. the Plaintiff was harmed, had surgery, incurred medical expense and has lost wages.

WHEREFORE, the Plaintiff requests this Honorable Court to find in favor of the Plaintiff and award her money in an amount consistent with the facts introduced at trial, including costs and attorney's fees.

## COUNT III
## SUZETTE MARTINS VS. DEFENDANT, TK HOLDINGS, INC. (DELAWARE) BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

63. The Plaintiff hereby reincorporates paragraphs 1 through 62 as if fully set forth herein.

64. The Defendant TK Holdings, Inc. (Delaware) was a merchant.

65. The Defendant, TK Holdings, Inc. (Delaware), upon information and belief designed and produced the product, to wit: airbags for the 2002 Pontiac Grand Am SE which was sold to the public.

66. In or around February, 2015, the Plaintiff purchased a 2002 Pontiac Grand Am.

67. The Defendant, TK Holdings, Inc. (Delaware) produced the airbag which had an implied warranty...that it would perform to the expected use for which it was sold.

68. The Plaintiff's use of the airbag was foreseeable.

69. The Plaintiff's use or need for the airbag to deploy when the vehicle is involved in an accident is foreseeable.

70. The Defendant, TK Holdings, Inc. (Delaware) knew or should have known that vehicles such as the Grand Am, which had the Takata Airbag would be resold to third party persons such as the Plaintiff.

71. The Defendant, TK Holdings, Inc. (Delaware) had a unique and particular skill to wit: the designing and manufacturing of airbags.

72. The Defendant, TK Holdings, Inc. (Delaware) regularly designed and manufactured airbags, including those installed in the Grand Am, to dealerships or individuals directly.

73. The Defendant, TK Holdings, Inc. (Delaware) had specialized knowledge or skill attributable to the designing and manufacturing of the airbags, including but not limited to the airbags designed to deploy when the vehicle is in an accident.

74. The airbag was built for the ordinary purposes for which such goods were used, to wit: the airbag would deploy in case of an accident.

75. The Defendant, TK Holdings, Inc. (Delaware) had a duty to prevent the release of the product airbag, in a defective condition.

76. The defect was unreasonably dangerous to the consumer/end user.

77. The defect was the fact that the airbag, designed to deploy in case of an accident, did not deploy.

78. The entire product line of the Takata Airbags designed for the 2002 Grand Am were defective because of a design or manufacturing flaw.

79. The airbag is one of the single most important safety features in the line of vehicles designed and produced by the Defendant, TK Holdings, Inc. (Delaware).

80. The Defendant, TK Holdings, Inc. (Delaware) understood the gravity of the danger.

81. The Defendant, TK Holdings, Inc. (Delaware) knew or should have known that by the airbag not deploying, there would be a likelihood of danger would occur to the end user or customer.

82. A safer alternate design existed for airbags and was feasible for the Defendant, TK Holdings, Inc. (Delaware) to design and produce.

83. The cost of a safer alternate design to produce the airbags so they properly deployed was not of a significant cost above the cost of the originally defective design.

84. The Defendant, TK Holdings, Inc. (Delaware) knew or should have known that adverse consequences, i.e., injuries would likely occur to occupants involved in motor vehicle accidents where the air bags do not or did not deploy.

85. The defect was known to the Defendant, TK Holdings, Inc. (Delaware), who made insufficient attempts to notify end users and/or costumers of the defect and how it would be corrected.

86. The Defendant, TK Holdings, Inc. (Delaware) failed to warn second hand purchasers of the airbag defect in the Grand Am, including giving notice to the Plaintiff.

87. The Plaintiff did not become aware of the defect until after her motor vehicle accident on March 1, 2015.

88. As a direct and proximate result of the breach of implied warranty of merchantability by the Defendant, TK Holdings, Inc. (Delaware), the Plaintiff was harmed, had surgery, incurred medical expense and has lost wages.

WHEREFORE, the Plaintiff requests this Honorable Court to find in favor of the Plaintiff and award her money in an amount consistent with the facts introduced at trial, including costs and attorney's fees.

### COUNT IV
### SUZETTE MARTINS VS. DEFENDANT, GENERAL MOTORS LLC
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

89. The Plaintiff hereby reincorporates paragraphs 1 through 88 as if fully set forth herein.

90. The Defendant General Motors LLC was a merchant.

91. The Defendant, General Motors LLC, upon information and belief designed and produced the product, to wit: airbags for the 2002 Pontiac Grand Am SE which was sold to the public.

92. In or around February, 2015, the Plaintiff purchased a 2002 Pontiac Grand Am.

93. The Defendant, General Motors LLC produced the airbag which had an implied warranty…that it would perform to the expected use for which it was sold.

94. The Plaintiff's use of the airbag was foreseeable.

95. The Plaintiff's use or need for the airbag to deploy when the vehicle is involved in an accident is foreseeable.

96. The Defendant, General Motors LLC knew or should have known that vehicles such as the Grand Am, which had the Takata Airbag would be resold to third party persons such as the Plaintiff.

97. The Defendant, General Motors LLC had a unique and particular skill to wit: the designing and manufacturing of airbags.

98. The Defendant, General Motors LLC regularly designed and manufactured airbags, including those installed in the Grand Am, to dealerships or individuals directly.

99. The Defendant, General Motors LLC had specialized knowledge or skill attributable to the designing and manufacturing of the airbags, including but not limited to the airbags designed to deploy when the vehicle is in an accident.

100. The airbag was built for the ordinary purposes for which such goods were used, to wit: the airbag would deploy in case of an accident.

101. The Defendant, General Motors LLC had a duty to prevent the release of the product airbag, in a defective condition.

102. The defect was unreasonably dangerous to the consumer/end user.

103. The defect was the fact that the airbag, designed to deploy in case of an accident, did not deploy.

104. The entire product line of the Takata Airbags designed for the 2002 Grand Am were defective because of a design or manufacturing flaw.

105. The airbag is one of the single most important safety features in the line of vehicles designed and produced by the Defendant, General Motors LLC.

106. The Defendant, General Motors LLC understood the gravity of the danger.

107. The Defendant, General Motors LLC knew or should have known that by the airbag not deploying, there would be a likelihood of danger would occur to the end user or customer.

108. A safer alternate design existed for airbags and was feasible for the Defendant, General Motors LLC to design and produce.

109. The cost of a safer alternate design to produce the airbags so they properly deployed was not of a significant cost above the cost of the originally defective design.

110. The Defendant, General Motors LLC knew or should have known that adverse consequences, i.e., injuries would likely occur to occupants involved in motor vehicle accidents where the air bags do not or did not deploy.

111. The defect was known to the Defendant, General Motors LLC, who made insufficient attempts to notify end users and/or costumers of the defect and how it would be corrected.

112. The Defendant, General Motors LLC failed to warn second hand purchasers of the airbag defect in the Grand Am, including giving notice to the Plaintiff.

113. The Plaintiff did not become aware of the defect until after her motor vehicle accident on March 1, 2015.

114. As a direct and proximate result of the defective design of the Takata Airbag, the Plaintiff was injured, incurred surgery, medical expenses and lost wages.

WHEREFORE, the Plaintiff requests this Honorable Court to find in favor of the Plaintiff and award her money in an amount consistent with the facts introduced at trial, including costs and attorney's fees.

## COUNT V
## SUZETTE MARTINS VS. DEFENDANT, TAKATA, INC.
## DEFECT IN DESIGN

115. The Plaintiff hereby reincorporates Paragraphs 1 through 114 as if fully set forth herein.

116. The Defendant, upon information and belief, manufactured the product which contained a defective condition because the design was defective and unsafe.

117. The Plaintiff's need for the deployment of an airbag in case of any accident was foreseeable.

118. This design defect made the product unreasonably dangerous.

119. An alternate design to produce the airbags for the Grand Am were feasible.

120. As a direct and proximate result of the defective design of the Takata Airbag, the Plaintiff was injured, incurred surgery, medical expenses and lost wages.

WHEREFORE, the Plaintiff requests this Honorable Court to find in favor of the Plaintiff and award her money in an amount consistent with the facts introduced at trial, including costs and attorney's fees.

## COUNT VI
## SUZETTE MARTINS VS. DEFENDANT, TK HOLDINGS, INC.
## DEFECT IN DESIGN

121. The Plaintiff hereby reincorporates Paragraphs 1 through 120 as if fully set forth herein.

122. The Defendant manufactured the automobile which contained the defective product.

123. The Plaintiff's need for the deployment of an airbag in case of an accident was foreseeable.

124. This design defect made the product unreasonably dangerous.

125. An alternate design to produce the airbags for the Grand Am were feasible.

126. As a direct and proximate result of the defective design of the Takata Airbag, the Plaintiff was injured, incurred surgery, medical expenses and lost wages.

WHEREFORE, the Plaintiff requests this Honorable Court to find in favor of the Plaintiff and award her money in an amount consistent with the facts introduced at trial, including costs and attorney's fees.

## COUNT VII
## SUZETTE MARTINS VS. DEFENDANT, TK HOLDINGS, INC. (DELAWARE)
## DEFECT IN DESIGN

127. The Plaintiff hereby reincorporates Paragraphs 1 through 126 as if fully set forth herein.

128. The Defendant manufactured the automobile which contained the defective product.

129. The Plaintiff's need for the deployment of an airbag in case of an accident was foreseeable.

130. This design defect made the product unreasonably dangerous.

131. An alternate design to produce the airbags for the Grand Am were feasible.

132. As a direct and proximate result of the defective design of the Takata Airbag, the Plaintiff was injured, incurred surgery, medical expenses and lost wages.

WHEREFORE, the Plaintiff requests this Honorable Court to find in favor of the Plaintiff and award her money in an amount consistent with the facts introduced at trial, including costs and attorney's fees.

## COUNT VIII
## SUZETTE MARTINS VS. DEFENDANT, GENERAL MOTORS LLC
## DEFECT IN DESIGN

133. The Plaintiff hereby reincorporates Paragraphs 1 through 132 as if fully set forth herein.

134. The Defendant manufactured the automobile which contained the defective product.

135. The Plaintiff's need for the deployment of an airbag in case of an accident was foreseeable.

136. This design defect made the product unreasonably dangerous.

137. An alternate design to produce the airbags for the Grand Am were feasible.

138. As a direct and proximate result of the defective design of the Takata Airbag, the Plaintiff was injured, incurred surgery, medical expenses and lost wages.

WHEREFORE, the Plaintiff requests this Honorable Court to find in favor of the Plaintiff and award her money in an amount consistent with the facts introduced at trial, including costs and attorney's fees.

## COUNT IX
## SUZETTE MARTINGS VS. DEFENDANT, TAKATA, INC.
## NEGLIGENCE

139. The Plaintiff hereby incorporates paragraphs 1 through 138 as if fully set forth herein.

140. The Defendant, Takata, Inc. owed a duty to the Plaintiff.

141. The Defendant, Takata, Inc.'s duty was to design and produce airbags, to wit: such as the one installed in the Grand Am in a good workmanlike manner.

142. The Defendant, Takata, Inc. breached its duty of care when it designed or produced the airbags that failed to deploy and/or were otherwise defective, causing the airbag not to deploy.

13

143. As a direct and proximate result of the breach of duty of care owed by the Defendant, Takata, Inc. to the Plaintiff, the Plaintiff was injured and caused to suffer physical and emotional pain and suffering, incur medical expenses and lost wages.

WHEREFORE, the Plaintiff requests this Honorable Court to find in favor of the Plaintiff and award her money in an amount consistent with the facts introduced at trial, including costs and attorney's fees.

## COUNT X
## SUZETTE MARTINGS VS. DEFENDANT, TK HOLDINGS, INC.
## NEGLIGENCE

144. The Plaintiff hereby incorporates paragraphs 1 through 143 as if fully set forth herein.

145. The Defendant, TK Holdings, Inc. owed a duty to the Plaintiff.

146. The Defendant, TK Holdings, Inc.'s duty was to design and produce airbags, to wit: such as the one installed in the Grand Am in a good workmanlike manner.

147. The Defendant, TK Holdings, Inc. breached its duty of care when it designed or produced the airbags that failed to deploy and/or were otherwise defective, causing the airbag not to deploy.

148. As a direct and proximate result of the breach of duty of care owed by the Defendant, TK Holdings, Inc. to the Plaintiff, the Plaintiff was injured and caused to suffer physical and emotional pain and suffering, incur medical expenses and lost wages.

WHEREFORE, the Plaintiff requests this Honorable Court to find in favor of the Plaintiff and award her money in an amount consistent with the facts introduced at trial, including costs and attorney's fees.

## COUNT XI
## SUZETTE MARTINGS VS. DEFENDANT, TK HOLDINGS, INC. (DELAWARE) NEGLIGENCE

149. The Plaintiff hereby incorporates paragraphs 1 through 148 as if fully set forth herein.

150. The Defendant, TK Holdings, Inc. (Delaware) owed a duty to the Plaintiff.

151. The Defendant, TK Holdings, Inc.'s (Delaware) duty was to design and produce airbags, to wit: such as the one installed in the Grand Am in a good workmanlike manner.

152. The Defendant, TK Holdings, Inc. (Delaware) breached its duty of care when it designed or produced the airbags that failed to deploy and/or were otherwise defective, causing the airbag not to deploy.

153. As a direct and proximate result of the breach of duty of care owed by the Defendant, TK Holdings, Inc. (Delaware) to the Plaintiff, the Plaintiff was injured and caused to suffer physical and emotional pain and suffering, incur medical expenses and lost wages.

WHEREFORE, the Plaintiff requests this Honorable Court to find in favor of the Plaintiff and award her money in an amount consistent with the facts introduced at trial, including costs and attorney's fees.

## COUNT XII
## SUZETTE MARTINGS VS. DEFENDANT, GENERAL MOTORS LLC NEGLIGENCE

154. The Plaintiff hereby incorporates paragraphs 1 through 153 as if fully set forth herein.

155. The Defendant, General Motors LLC owed a duty to the Plaintiff.

156. The Defendant, General Motors LLC duty was to design and produce airbags, to wit: such as the one installed in the Grand Am in a good workmanlike manner.

157. The Defendant, General Motors LLC breached its duty of care when it designed or produced the airbags that failed to deploy and/or were otherwise defective, causing the airbag not to deploy.

158. As a direct and proximate result of the breach of duty of care owed by the Defendant, General Motors LLC to the Plaintiff, the Plaintiff was injured and caused to suffer physical and emotional pain and suffering, incur medical expenses and lost wages.

WHEREFORE, the Plaintiff requests this Honorable Court to find in favor of the Plaintiff and award her money in an amount consistent with the facts introduced at trial, including costs and attorney's fees.

## COUNT XIII
## SUZETTE MARTINGS VS. DEFENDANT, TAKATA, INC.
## FAILURE TO WARN

159. The Plaintiff hereby incorporates paragraphs 1 through 158 as if fully set forth herein.

160. The Defendant, Takata, Inc., owed a duty to the Plaintiff to warn her of the defective airbag.

161. The Defendant, Takata, Inc., took insufficient steps or actions to notify the end users such as the Plaintiff of the defective airbag.

162. The Defendant, Takata, Inc., breached its duty of care by failing to take appropriate action to notify end users, such as the Plaintiff, of the defective airbag.

163. As a direct and proximate result of the Defendant's breach of duty of care, the Plaintiff has been and continues to be harmed, underwent surgery, and incurred medical expenses and lost wages.

WHEREFORE, the Plaintiff requests this Honorable Court to find in favor of the Plaintiff and award her money in an amount consistent with the facts introduced at trial, including costs and attorney's fees.

## COUNT XIV
## SUZETTE MARTINGS VS. DEFENDANT, TK HOLDINGS, INC.
## FAILURE TO WARN

164. The Plaintiff hereby incorporates paragraphs 1 through 163 as if fully set forth herein.

165. The Defendant, TK Holdings, Inc., owed a duty to the Plaintiff to warn her of the defective airbag.

166. The Defendant, TK Holdings, Inc., took insufficient steps or actions to notify the end users such as the Plaintiff of the defective airbag.

167. The Defendant, TK Holdings, Inc., breached its duty of care by failing to take appropriate action to notify end users, such as the Plaintiff, of the defective airbag.

168. As a direct and proximate result of the Defendant's breach of duty of care, the Plaintiff has been and continues to be harmed, underwent surgery, and incurred medical expenses and lost wages.

WHEREFORE, the Plaintiff requests this Honorable Court to find in favor of the Plaintiff and award her money in an amount consistent with the facts introduced at trial, including costs and attorney's fees.

## COUNT XV
## SUZETTE MARTINGS VS. DEFENDANT, TK HOLDINGS, INC. (DELAWARE)
## FAILURE TO WARN

169. The Plaintiff hereby incorporates paragraphs 1 through 168 as if fully set forth herein.

170. The Defendant, TK Holdings, Inc. (Delaware), owed a duty to the Plaintiff to warn her of the defective airbag.

171. The Defendant, TK Holdings, Inc. (Delaware), took insufficient steps or actions to notify the end users such as the Plaintiff of the defective airbag.

172. The Defendant, TK Holdings, Inc. (Delaware), breached its duty of care by failing to take appropriate action to notify end users, such as the Plaintiff, of the defective airbag.

173. As a direct and proximate result of the Defendant's breach of duty of care, the Plaintiff has been and continues to be harmed, underwent surgery, and incurred medical expenses and lost wages.

WHEREFORE, the Plaintiff requests this Honorable Court to find in favor of the Plaintiff and award her money in an amount consistent with the facts introduced at trial, including costs and attorney's fees.

## COUNT XVI
### SUZETTE MARTINGS VS. DEFENDANT, GENERAL MOTORS LLC
### FAILURE TO WARN

174. The Plaintiff hereby incorporates paragraphs 1 through 173 as if fully set forth herein.

175. The Defendant, General Motors LLC, owed a duty to the Plaintiff to warn her of the defective airbag.

176. The Defendant, General Motors LLC, took insufficient steps or actions to notify the end users such as the Plaintiff of the defective airbag.

177. The Defendant, General Motors LLC, breached its duty of care by failing to take appropriate action to notify end users, such as the Plaintiff, of the defective airbag.

178. As a direct and proximate result of the Defendant's breach of duty of care, the Plaintiff has been and continues to be harmed, underwent surgery, and incurred medical expenses and lost wages.

WHEREFORE, the Plaintiff requests this Honorable Court to find in favor of the Plaintiff and award her money in an amount consistent with the facts introduced at trial, including costs and attorney's fees.

THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL.

Respectfully Submitted,
**SUZETTE MARTINS**,
The Plaintiff,
By Her Attorney,

Michael M. Kaplan, Esquire, BBO#554910
LAW OFFICES OF MICHAEL M. KAPLAN
Alexander G. Tyler Building
291 Main Street
Milford, MA  01757
Phone:  (508) 473-1161
Fax:  (508) 473-2004
Email:  mike@kaplanslaw.com

Dated: February 28, 2018

# EXHIBIT B

2.0

| CIVIL ACTION COVER SHEET | DOCKET NUMBER<br>18      0293 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| | | |
|---|---|---|
| **PLAINTIFF(S):** Suzette Martins | | **COUNTY**<br>Norfolk |
| **ADDRESS:** 18 Stoneybrook Drive, Apt. 12 | | |
| Millis, MA  02054 | | **DEFENDANT(S):** Takata, Inc. |
| | | TK Holdings, Inc. |
| **ATTORNEY:** Michael M. Kaplan, Esq. | | TK Holdings, Inc. (Delaware) and General Motors LLC |
| **ADDRESS:** LAW OFFICES OF MICHAEL M. KAPLAN, P.C. | | **ADDRESS:** 2500 Takata Dr., Auburn Hills, MI |
| 291 Main Street | | 601 Abbot Rd., E. Lansing, MI |
| Milford, MA  01757 | | 601 Abbot Rd., E. Lansing, MI |
| **BBO:** 554910 | | 300 Renaissance Ctr., Detroit, MI |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO.<br>B05 | TYPE OF ACTION (specify)<br>Personal Injury/Product Liability | TRACK<br>A | HAS A JURY CLAIM BEEN MADE?<br>[X] YES   [ ] NO |
|---|---|---|---|
| *If "Other" please describe: | | | |

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages.  For this form, disregard double or treble damage claims; indicate single damages only.

#### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................................... $  112,597.75
2. Total doctor expenses ................................................................................. $  15,195.24
3. Total chiropractic expenses ........................................................................ $  0.00
4. Total physical therapy expenses ................................................................ $  5,155.00
5. Total other expenses (describe below) ...................................................... $  1,781.85
   Ambulance, x-rays, prescriptions                                    **Subtotal (A):** $  134,729.84
B. Documented lost wages and compensation to date ........................................................ $  972.00
C. Documented property damages to dated ....................................................................... $  3,841.42
D. Reasonably anticipated future medical and hospital expenses ...................................... $
E. Reasonably anticipated lost wages .............................................................................. $
F. Other documented items of damages (describe below) ................................................ $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Plaintiff sustained multiple injuries, including to her lower back, which required surgery.  The injuries have left her unable to
work and/or earn wages.                                                    **TOTAL (A-F):$**  139,543.26

#### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

**TOTAL: $** _____

**Signature of Attorney/Pro Se Plaintiff: X**                        **Date:**

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

**Signature of Attorney of Record: X**                        **Date:** 2/28/18